UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Alonzo Key, #192814,<br><br>                Plaintiff,<br><br>vs.<br><br>State of South Carolina; Aiken City Police Department; Phillip S. Miano, Badge #450; Mathew Barnwell, Badge #545; Cpl. Spann, Badge # 520; Cpl. Smith, Badge #159; Cpl. Eagerton,<br><br>                Defendants. | C/A No. 1:11-1613-DCN-JRM<br><br><br><br><br>Report and Recommendation<br>(Partial Summary Dismissal) |

Alonzo Key ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is a state prisoner and files this action *in forma pauperis* under 28 U.S.C. § 1915. Plaintiff claims violation of his Fourth Amendment right to be free from unreasonable search and seizure based on an "unreasonable stop of vehicle, and illegal search of vehicle and person." ECF No. 1 at 2. The Complaint names government employees, five police officers, as defendants.[2] The caption of the Complaint could be interpreted as naming the State of South Carolina and the Aiken City Police Department as party Defendants, but these government entities should be dismissed as Defendants in this case.

### INITIAL REVIEW

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) provides that "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i-iii). The same standard of review applies in cases filed by prisoners seeking a remedy against government entities, officers or employees. 28 U.S.C. § 1915A (a).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), by holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976), *Hughes v. Rowe*, 449 U.S. 5 (1980). A federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. at 9; *Cruz v. Beto*, 405 U.S. 319 (1972). The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F. 2d 387 (4th Cir. 1990).

## DISCUSSION

Based on the caption of the Complaint, the docket in this case contains the State of South Carolina and the Aiken City Police Department as Defendants. It appears, however, that these government entities were placed in the caption of the Complaint for descriptive purposes only. These entities are not named as party Defendants in the list of Defendants on page two of the Complaint and are not discussed in the statement of claims or the relief section of the Complaint.

At the bottom of the statement of claims, separate from the allegations, Plaintiff wrote "IN THE STATE OF SOUTH CAROLINA," and, underneath that, "The Aiken City Police Department." ECF No. 1 at 4. No statements or allegations are included. Additionally, service documents provided by Plaintiff did not include these two entities. It can be inferred that the State of South Carolina and the Aiken City Police Department were not intended to be Defendants in this case, and should be removed from the docket. However, even if these government entities were intended to be party Defendants, they should be dismissed.

The State of South Carolina is immune from suit under the Eleventh Amendment. In *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989), the Supreme Court held that,

> Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity, or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity.

(Internal citation omitted). The Eleventh Amendment bars this § 1983 action against the State of South Carolina, and the State of South Carolina should be dismissed as a party Defendant.

The Complaint fails to state a claim against the Aiken City Police Department, because it merely lists the Aiken City Police Department in the caption and at the end of the statement of claims section of the Complaint. Under *Monell v. New York City Dept. of Social Serv.*, 436 U.S. 658, 694 (1978), a municipality may be liable under § 1983 for the violation of a plaintiff's constitutional rights, but "only where the constitutionally offensive actions of employees are taken in furtherance of some municipal 'policy or custom.'" *Milligan v. City of Newport News*, 743 F.2d 227, 229 (4th Cir. 1984). The Complaint contains no allegations against the municipal police department. Simply listing a name in a caption, or as a defendant, is not sufficient to state a claim.

3

The Complaint in this case makes no factual allegations that the Aiken City Police Department violated Plaintiff's constitutional rights, so no claim has been stated under § 1983. The Aiken City Police Department should be dismissed as a party Defendant.

## RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss *without prejudice* Defendant State of South Carolina and Defendant Aiken City Police Department as party Defendants in this case. **Plaintiff's attention is directed to the notice on the following page.**

                Joseph R. McCrorey
                United States Magistrate Judge

August 10, 2011
Columbia, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).