IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Alonzo Key, | ) | C/A No.: 1:11-1613-DCN-SVH |
| Plaintiff, | ) | |
| vs. | ) | |
| Badge 450 Phillip S Miano, Badge 545 Matthew Barnwell, Badge 520 Cpl Spann, Badge 159 Cpl Smith, and Cpl Eagerton, Officers of Aiken Department of Public Safety, | ) | ORDER |
| Defendants. | ) | |

Plaintiff, a state prisoner proceeding *pro se*, brought this civil rights action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights related to a vehicle stop and search. Before the court are the following motions: (1) Plaintiff's motion to amend the complaint [Entry #40]; and (2) Plaintiff's motion for subpoena, deposition, and discovery [Entry #43]. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.).

I.   Factual Background

Plaintiff claims his Fourth Amendment right to be free from unreasonable search and seizure has been violated based on an "unreasonable stop of vehicle, and illegal search of vehicle and person." [Entry #1 at 2]. Plaintiff sues five officers ("Defendants") of the Aiken Department of Public Safety for his arrest on January 3, 2009. *Id.* at 3. Plaintiff alleges he was stopped for swerving left of center, but the traffic stop was

"unreasonable" because "there is no center line in this road to determine left of center." *Id.* He also alleges that the investigative report states he was stopped for suspicion of being under the influence, but "he was never tested for the influence of anything." *Id.* Plaintiff claims he refused to be searched, or have his vehicle searched, but both were searched anyway after dogs were brought to the scene. *Id.* at 4. The dogs allegedly did not find anything in the car. *Id.* However, Plaintiff contends he was then searched and arrested for drug possession when crack was found in his pocket. *Id.* Plaintiff seeks declaratory judgment, injunctive relief, compensatory damages, attorney's fees, punitive damages, and monetary relief in the amount of $5,000,000. *Id.* at 5.

Plaintiff originally named the State of South Carolina ("State") and the Aiken City Police Department ("ACPD") as defendants. [Entry #1 at 1]. Those defendants were dismissed without prejudice by the court on August 30, 2011. [Entry #13]. Plaintiff appealed their dismissal to the Fourth Circuit Court of Appeals on September 23, 2011. [Entry #21]. Because the court's order dismissing the State and ACPD was neither a final order nor an appealable interlocutory or collateral order, the Fourth Circuit dismissed the appeal for lack of jurisdiction on February 14, 2012. [Entry #36].

II. Discussion

    A. Motion to Amend the Complaint

Plaintiff filed an "amended brief in support of original complaint" on April 5, 2012, which has been liberally construed as a motion to amend the complaint. [Entry #40]. Defendant filed a response to the motion on April 23, 2012 [Entry #41], and

Plaintiff filed a reply on May 4, 2012. [Entry #42]. Having been fully briefed, this motion is ripe for disposition.

Defendants argue Plaintiff's motion should be denied as futile because it does not add any additional claims, defendants, or pertinent factual allegations. [Entry #41 at 2]. Plaintiff contends the motion should be granted because the amended complaint would be helpful in determining the genuine issues of material fact and law involved in the case. [Entry #42 at 4]. Notably, Plaintiff's reply primarily addresses the Fourth Circuit's dismissal of his appeal and does not address Defendants' assertion that the proposed amended complaint does not add any additional claims, defendants, or pertinent factual allegations. *Id.* at 2–4.

"[L]eave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "A motion to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *HCMF Corp. v. Allen*, 238 F.3d 273, 276 (4th Cir. 2001) (internal quotation marks omitted). After a careful review of both the original complaint and proposed amended complaint, the court finds the proposed amended complaint merely amplifies the factual allegations and claims set forth in the original complaint. Because there are no significant differences between the original complaint and the proposed amended complaint, the amendment would be futile. Therefore, Plaintiff's motion to amend the complaint [Entry #40] is denied.

B.  Motion for Subpoena, Deposition, and Discovery

Plaintiff filed a motion on May 5, 2012 seeking "Subpoena, and Deposition of all Defendants" named in the case, as well as the production by Defendants of items enumerated in the motion. [Entry #43]. To the extent Plaintiff seeks depositions, information, or documents from Defendants, he is advised that the proper procedures for doing so are set forth in Title V of the Federal Rules of Civil Procedure (Rules 26 though 37). Specifically, discovery-related requests should be served on counsel for Defendants and should not be filed with the court absent a dispute between the parties after previous service. Because it does not appear that Plaintiff has attempted to conduct discovery in accordance with the Federal Rules of Civil Procedure prior to filing this motion, Plaintiff's motion [Entry #43] is denied.

IT IS SO ORDERED.

May 8, 2012  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge