IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Alonzo Key, | ) | C/A No.: 1:11-1613-DCN-SVH |
| Plaintiff, | ) | |
| vs. | ) | |
| Badge 450 Phillip S Miano, Badge 545 Matthew Barnwell, Badge 520 Cpl Spann, Badge 159 Cpl Smith, and Cpl Eagerton, Officers of Aiken Department of Public Safety, | ) | ORDER |
| Defendants. | ) | |

Plaintiff, a state prisoner proceeding *pro se*, brought this civil rights action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights related to a vehicle stop and search. Before the court are the following motions: (1) Plaintiff's motion to amend the complaint [Entry #46]; and (2) Defendant's motion to extend the deadline for filing dispositive motions [Entry #47]. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.).

I.  Factual Background

Plaintiff claims his Fourth Amendment right to be free from unreasonable search and seizure has been violated based on an "unreasonable stop of vehicle, and illegal search of vehicle and person." [Entry #1 at 2]. Plaintiff sues five officers ("Defendants") of the Aiken Department of Public Safety for his arrest on January 3, 2009. *Id.* at 3. Plaintiff alleges he was stopped for swerving left of center, but the traffic stop was

"unreasonable" because "there is no center line in this road to determine left of center." *Id.* He also alleges that the investigative report states he was stopped for suspicion of being under the influence, but "he was never tested for the influence of anything." *Id.* Plaintiff claims he refused to be searched, or have his vehicle searched, but both were searched anyway after dogs were brought to the scene. *Id.* at 4. The dogs allegedly did not find anything in the car. *Id.* However, Plaintiff contends he was then searched and arrested for drug possession when crack was found in his pocket. *Id.* Plaintiff seeks declaratory judgment, injunctive relief, compensatory damages, attorney's fees, punitive damages, and monetary relief in the amount of $5,000,000. *Id.* at 5.

Plaintiff originally named the State of South Carolina ("State") and the Aiken City Police Department ("ACPD") as defendants. [Entry #1 at 1]. Those defendants were dismissed without prejudice by the court on August 30, 2011. [Entry #13]. Plaintiff appealed their dismissal to the Fourth Circuit Court of Appeals on September 23, 2011. [Entry #21]. Because the court's order dismissing the State and ACPD was neither a final order nor an appealable interlocutory or collateral order, the Fourth Circuit dismissed the appeal for lack of jurisdiction on February 14, 2012. [Entry #36].

II. Discussion

    A. Plaintiff's Motion to Amend

Plaintiff filed this motion to amend his complaint on May 24, 2012, seeking to add the City of Aiken, City Manager Richard Pearce, ACPD, and Chief of Police Pete Frommer. [Entry #46]. Defendants did not file a response to the motion, and this matter

is now ripe for disposition. For the following reasons, the court denies as futile Plaintiff's motion to amend.

"[L]eave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "A motion to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *HCMF Corp. v. Allen*, 238 F.3d 273, 276 (4th Cir. 2001) (internal quotation marks omitted).

Plaintiff seeks to add Pearce and Frommer in their supervisory capacities. Specifically Plaintiff alleges they were "superior governing part[ies]" and "should be held liable just as the other subordinate officers." [Entry #46 at 2]. To state a claim against a defendant in his individual capacity, a plaintiff must affirmatively show that the defendant acted personally in the deprivation of the plaintiff's constitutional rights. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). When a complaint contains no personal allegations against a defendant, that defendant is properly dismissed. *See Karafiat v. O'Mally*, No. 02-3992, 2002 WL 31845135, at **1 (6th Cir. Dec. 17, 2002); *Leatherwood v. Ozmint*, No. Civ. A. 2:10-0048, 2010 WL 4644444 at *6 (D.S.C. Oct. 8, 2010).

In this case, Plaintiff provides no facts to indicate any personal involvement by Pearce and Frommer. Thus, it appears Plaintiff seeks to sue Pearce and Frommer in their supervisory capacities. A § 1983 claim for supervisory liability cannot rest on the doctrine of respondeat superior. *Carter v. Morris*, 164 F.3d 215, 221 (4th Cir. 1999). However, supervisory officials may be held liable, in some circumstances, for

constitutional injuries inflicted by their subordinates if certain criteria are established. *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994). A plaintiff must show that the supervisory official was (1) actually or constructively aware of a risk of constitutional injury, (2) deliberately indifferent to that risk, and (3) that an affirmative causal link exists between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *Carter v. Morris*, 164 F.3d at 221. Plaintiff's proposed amended complaint contains no facts regarding Pearce and Frommer that would satisfy the above criteria. As Plaintiff fails to state a cognizable claim against Pearce and Frommer in their individual or supervisory capacities, the undersigned denies as futile his motion to amend to add them as defendants.

Plaintiff also seeks to add the ACPD and the City of Aiken as defendants. ACPD has previously been dismissed in this action without prejudice, based on Plaintiff's failure to allege sufficient facts to state a cognizable § 1983 claim against it.

Municipal liability is based on execution of a governmental policy or custom, *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978), and a municipality may not be held liable under § 1983 solely because it employs the tortfeasor. Rather, a plaintiff must identify a municipal "policy" or "custom" that allegedly caused the plaintiff's injury. *Board of County Commissioners v. Brown*, 520 U.S. 397 (1997); *Kirby v. City of Elizabeth City, North Carolina*, 388 F.3d 440, 451 (4th Cir. 2004). The proposed amended complaint fails to identify any policy or custom of ACPD or City of Aiken that allegedly caused Plaintiff's federal rights to be violated. Although Plaintiff alleges that ACPD and the City of Aiken should have "policies and procedures which will not

deprive a person of his right to be free from illegal search[es] and seizure[s]," this general claim is insufficient to set forth a claim pursuant to § 1983. Therefore, because Plaintiff's proposed amended complaint fails to state a cognizable § 1983 claim against ACPD or the City of Aiken, the undersigned denies as futile his motion to amend.

  B. Defendants' Motion for an Extension

Defendants moved for an extension of the deadline to file dispositive motions until July 3, 2012 on the grounds that counsel needs additional time to prepare and acquire the necessary affidavits to support a motion for summary judgment. For good cause shown, the undersigned grants Defendants' motion, and the deadline for either party to file dispositive motions is extended until July 3, 2012.

III. Conclusion

For the foregoing reasons, Plaintiff's motion to amend the complaint is denied as futile and Defendants' motion to extend the dispositive motions deadline until July 3, 2012 is granted.

  IT IS SO ORDERED.

*Shiva V. Hodges*

June 15, 2012               Shiva V. Hodges
Columbia, South Carolina         United States Magistrate Judge